UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                       Plaintiff,

      - against -

WARREN D. NADEL, WARREN D.
NADEL & CO., REGISTERED INVESTMENT
ADVISERS, LLC, and KATHERINE NADEL,

                       Defendants.
-----------------------------------------------------------X

**ORDER**

CV 11-215 (WFK) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Before the Court is a motion to compel filed by Defendants Warren D. Nadel, Warren D. Nadel & Co., Registered Investment Advisers, LLC, and Katherine Nadel ("Defendants"). The Defendants seek to compel Plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff") to produce certain interview notes prepared by non-attorney employees of the SEC's Office of Compliance, Inspections, and Examinations Division ("OCIE") during witness interviews conducted in 2009 in the course of the OCIE's investigation of Defendants' activities. DE 15. Defendants also seek an *in camera* review of certain notes regarding interviews conducted by SEC attorneys in 2010 after the SEC issued a formal order of investigation. *Id.* The SEC maintains that these materials are entitled to work product protection. Defendants argue that the 2009 notes are not protected work product because: 1) they were not made in anticipation of litigation since the interviews were conducted before the SEC Division of Enforcement began its investigation and filed this lawsuit; 2) the notes reflect facts rather than mental impressions; and 3) the Defendants' substantial need for the notes overcomes any privilege. This issue was

discussed at length at the September 23, 2011 status conference, at which time the Court reserved decision pending further review of the applicable case law. *See* DE 19. After further reviewing the case law and the parties' submissions, the Court rules that the 2009 notes are not protected work product and directs the SEC to submit the 2010 notes for *in camera* review.

### A. Applicable Standards

The so-called "work product privilege" is codified in Federal Rule of Civil Procedure 26(b)(3)(A) which provides as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . . . But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable . . . ; and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The work product privilege "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *U.S. v. Aldman*, 134 F.3d 1194, 1196-97 (2d Cir. 1998) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510-11, 67 S. Ct. 385 (1947)). A classic example of information protected by the work product privilege is analysis of one's case. *Id.* The party seeking to assert the privilege has the burden of establishing its existence. *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, __ F. Supp. __ , No. 08-CV-4063, 2011 WL 5519840, at *4 (S.D.N.Y. Nov. 14, 2011).

The work product privilege is not absolute and may be overcome by a showing that the party seeking discovery "(1) has substantial need of the materials, and (2) that the party is unable,

without undue hardship, to obtain the substantial equivalent of the materials by other means." *Id*. at *4 (internal quotations omitted).

### B. 2009 Non-Attorney Interview Notes

The notes at issue here were taken by non-attorney staff members of the OCIE in October and November of 2009, fifteen months before this action was initiated in January of 2011 and before the SEC Division of Enforcement issued a formal order of investigation regarding the conduct of Defendants in December 2009. The parties dispute whether the notes were prepared in anticipation of litigation as is necessary to qualify for work product protection.[1]

Whether the notes are protected does not turn on whether an investigation was formally commenced at the time the notes were taken. *See SEC v. Nacchio*, No. 05-CV-480, 2007 WL 219966, at *6 (D. Col. Jan. 25, 2007) ("[T]he work product doctrine does not apply automatically to any and all investigations undertaken by government agencies."); *Feshbach v. SEC*, 5 F. Supp. 2d 774, 782-83 (N.D. Cal. 1997) (holding that documents prepared in the course of a government investigation are only protected by the work product privilege if the government agency can demonstrate that the investigation was undertaken based on a specific suspicion of wrongdoing and in an effort to build a case against the wrongdoer). Rather, a court's focus should be on evaluating whether the party seeking to invoke the privilege has met its burden of establishing that the documents at issue were prepared in anticipation of litigation. Courts evaluating interview notes taken by a government agency prior to the commencement of litigation often

---

[1] The Court notes that in the privilege log prepared by the SEC, DE 15-5, the SEC also asserted attorney-client, deliberative process, joint interest, and law enforcement privileges over the 2009 interview notes. The SEC does not mention these other privileges in opposing Defendants' motion to compel and therefore the SEC has not satisfied its burden in demonstrating their applicability.

look to the length of time between the interviews and the decision to initiate litigation. *See SEC v. Treadway*, 229 F.R.D. 454, 455-56 (S.D.N.Y. 2005) (holding that the close proximity of the dates of the interviews to the filing of the action made clear that they were prepared in anticipation of litigation); *SEC v. Stanard*, No. 06-CV-7736, 2007 WL 1834709, at *2 (S.D.N.Y. June 26, 2007) (noting that short time period of six to seven weeks between interviews and notification of intent to file action showed that interviews were conducted in anticipation of litigation).

The SEC has not met its burden of establishing that the notes were prepared in anticipation of litigation here. The SEC did not submit any affidavits of persons with first-hand knowledge, such as the staff members who took the notes or an OCIE member directing the investigation, describing the purpose of the interviews.[2] Indeed, the only information presented to the Court was a statement in Attorney Primoff's letter that all of the notes and summaries at issue "were prepared by the Commission staff as part of its efforts to determine whether sufficient evidence existed to bring a civil enforcement proceeding against Defendants." DE 16 at 1. This conclusory assertion is insufficient. *See Nacchio*, 2007 WL 219966, at *8 (stating that "Rule 26(b)(3) requires more than a cursory or conclusory proffer").

Such a perfunctory showing fails to satisfy the SEC's burden since the notes at issue were prepared, not by Enforcement staff, but by OCIE staff. As Defendants point out, the OCIE and the Division of Enforcment are tasked with different responsibilities. *See* DE 15 at 2. A

---

[2]   The Court notes that the privilege log does not identify the names of the OCIE staff members who conducted the interviews.

document appearing on the publicly available SEC website describes the interactions between the two divisions as follows:

> When the registrant's compliance or internal control failures are serious, such as when the [OCIE] staff believes investor funds or securities are at risk, the [OCIE] staff may refer the matter to the Division of Enforcement. The Division of Enforcement then determines whether to investigate the matter and ultimately whether to recommend an enforcement action to the Commission.

*See* Examinations by the Securities and Exchange Commission's Office of Compliance Inspections and Examinations February 2011, available at http://www.sec.gov/about/offices/ocie/ocieoverview.pdf at 24. Based on this description, it appears that the Division of Enforcement decides whether or not to initiate litigation, not the OCIE. Thus, it appears that notes prepared by the OCIE prior to a referral to the Division of Enforcement are not, per se, notes made in anticipation of litigation. The SEC has not provided information to the contrary.

The SEC has also failed to make a sufficient showing that the notes were prepared at the direction of an attorney. While non-attorney work product may be protected, the party asserting the privilege must establish that the non-attorneys were working at the direction of attorneys. *See SEC v. Strauss*, 2009 WL 3459204, at *6 (S.D.N.Y. Oct. 8, 2009). No such showing was made here.

Although the SEC cites several cases in which courts have held that notes from interviews prior to the initiation of litigation are protected, the cases relied upon are distinguishable. In *Stanard*, 2007 WL 1834709, the notes at issue were prepared six to seven weeks before the SEC notified the defendants of its intent to initiate an action. Similarly, the notes at issue in *Treadway*, 229 F.R.D. 454, were taken during a proffer session in close

proximity to the initiation of litigation and, after an *in camera* review, the court concluded that they reflected the thought processes of counsel. In *Feshbach*, 5 F. Supp. 2d 774, *SEC v. Downe*, No. 92-CV-4092, 1994 WL 23141 (S.D.N.Y. Jan. 27, 1994), and *SEC v. Cavanagh*, No. 98-CV-1818, 1998 WL 132842 (S.D.N.Y. March 23, 1998), the SEC demonstrated, through the submission of deposition testimony and/or declarations, that the documents at issue were prepared in order to build a case against a suspected wrongdoer or to determine whether to proceed with litigation.[3]

For the foregoing reasons, the Court concludes that the SEC has not met its burden to demonstrate that the 2009 non-attorney interview notes are protected work product. Before any production occurs, I am directing the parties to enter into a Stipulation and Order of Confidentiality which is to be filed on ECF by January 31, 2012. I am further directing that the Stipulation address the confidential treatment of these interview notes. The SEC is directed thereafter to produce the interview notes for the 2009 interviews by February 10, 2012.

### C. 2010 Attorney Interview Notes

Defendants also request an *in camera* review of notes taken by SEC attorneys during the interviews conducted in 2010 after the formal investigation was under way. Fact work product, which may include factual material such as the results of an investigation, is distinct from opinion work product which is entitled to greater protection. *See In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183-84 (2d Cir. 2007); *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund,* 2011 WL 5519840, at *4. The Court will conduct an *in*

---

[3] Because the Court finds that the work product privilege does not apply to the 2009 interview notes, the Court does not discuss whether Defendants can overcome the privilege through a showing of substantial need.

*camera* review of the notes to determine whether the notes are fact or opinion based work product and, if appropriate, will direct Defendants to make a showing regarding whether their substantial need for the materials outweighs the privilege. The SEC is directed to provide the Court with a copy of the 2010 interview notes by January 31, 2012 .

**SO ORDERED.**

Dated: Central Islip, New York
       January 24, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge