**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                       Plaintiff,

            - against -

WARREN D. NADEL, WARREN D.
NADEL & CO., REGISTERED INVESTMENT
ADVISERS, LLC, and KATHERINE NADEL,

                       Defendants.
-----------------------------------------------------------X

**ORDER**

CV 11-215 (WFK) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      On April 16, 2012, after conducting an *in camera* inspection, this Court ruled that certain interview notes (the "2010 Interview Notes") were opinion/core work product and Defendants therefore were required to make a heightened showing in order to compel disclosure of the notes. DE 54. The 2010 Interview Notes were drafted by non-attorney personnel of Plaintiff Securities and Exchange Commission ("SEC") during witness interviews of several of Defendants' former investors. The interviews were conducted as part of an investigation initiated by the New York Regional Office of the SEC's Division of Enforcement. DE 54 at 11. As directed in the Court's April 16, 2012 Order, Defendants submitted a letter brief setting forth their need for the notes [DE 55] and Plaintiff submitted opposition [DE 57]. For the reasons that follow, the Court concludes that Defendants have not met their burden to demonstrate that the 2010 Interview Notes should be disclosed. Consequently, Plaintiff is not required to produce the notes.

      Fact work product is treated differently from "opinion" or "core" work product, the latter of which reveals the "mental impressions, conclusions, opinions, or legal

theories of an attorney or other representative . . . ." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) (internal quotations omitted). As to fact work product, the privilege may be overcome where the party seeking discovery shows that it "(1) has substantial need of the material, and (2) that the party is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means." *Plumbers and Pipefitters Local Union No. 630 Pension–Annuity Trust Fund v. Arbitron*, 278 F.R.D. 355, 340 (S.D.N.Y. 2011) (internal quotations omitted). Opinion work product, however, is entitled to greater protection, and, in order to obtain such material, the party seeking disclosure must make a "far stronger showing of necessity and unavailability by other means." *Upjohn Co. v. U.S.*, 449 U.S. 383, 401, 101 S. Ct. 677 (1981)); *U.S. v. Aldman*, 134 F.3d 1194, 1204 (2d Cir. 1998). In practice, this means that opinion work product "is accorded an almost absolute protection from discovery," *Hallmark Cards, Inc. v. Murley*, No. 09-CV-0377, 2010 WL 4608678, at *6 (S.D.N.Y. Nov. 9, 2010), and "a party seeking to discover it must show extraordinary justification," *Strougo v. BEA Associates*, 199 F.R.D. 515, 521 (S.D.N.Y. 2001); *accord Curto v. Medical World Commc'ns, Inc.*, No.03-CV-6327, 2007 WL 1452106, at *5 (E.D.N.Y. May 15, 2007).

Defendants' chief argument regarding why they need the 2010 Interview Notes is that "they deposed the witnesses, who professed that they lack any substantial recollection of their interviews . . . ." DE 55 at 1. The Court initially notes that when this issue was first raised at the September 23, 2011 status conference, counsel for Defendants was advised that the fact that the witnesses could not recall the details of their interview would not demonstrate Defendants' "substantial need." *See* DE 19. Despite

2

this clear directive, Defendants continue to argue that the witnesses' inability to recall their interviews justifies disclosure of the 2010 Interview Notes. Moreover, having reviewed the portions of the depositions of William Hedges, Richard Anderson, Jane Casey, Michael Kourey, Walter Boileau, and Patricia Canning [DE 57-1 - 57-6], the Court disagrees with Defendants' characterization of that testimony based on the selected excerpts referenced in Defendants' motion.

A party seeking to compel disclosure of interview notes must, at a minimum, show that the interviewees are not available for questioning. *See FTC v. Hope Now Modifications, LLC.*, No. 09-CV-1204, 2011 WL 2634029, at *4 (D.N.J. Jul. 5, 2011) (refusing to compel disclosure of interview notes where defendants did not demonstrate their inability to obtain the witnesses' deposition testimony); *SEC v. Roberts*, 254 F.R.D. 371, 382 (N.D. Cal. 2008) (same); *S.E.C. v. Cavanagh*, No. 98-CV-1818, 1998 WL 132842, at *3 (S.D.N.Y. Mar. 23, 1998) (denying motion to compel SEC notes of interviews with defendants and non-party witnesses); *S.E.C. v. Downe*, No. 92-CV-4092, 1994 WL 23141, at *2 (S.D.N.Y. Jan. 27, 1994) (denying motion to compel SEC witnesses interview notes where defendant did not demonstrate that depositions of the interviewees would be futile).

Here, Defendants had the opportunity to depose all of the witnesses in the case. Although Defendants argue that these witnesses "fail[ed] to testify about the substance of their interviews" [DE 55 at 2] it is the witnesses' recollection of the operative facts and circumstances of the case that is relevant, not their ability to recall the specifics of after-the-fact interviews. Defendants do not identify any relevant facts that the witnesses could not provide at their depositions. All of the examples provided pertain to the

interviews themselves, not the underlying facts of the case.  *See* DE 55 at 1-2.  Because Defendants do not identify a particular area of inquiry upon which the witnesses could not provide testimony, Defendants have not made the required highly persuasive showing.  Indeed, Defendants have not even satisfied the more lenient "substantial need" standard.  *See Mid-Continent Casualty Co. v. Eland Energy, Inc.*, No. 07-CV-78, 2007 WL 2154177, at *3 (D. Conn. July 23, 2007) (holding that party had not demonstrated requisite substantial need); *SEC v. Treadway*, 229 F.R.D. 454, 456 (S.D.N.Y. 2005) (denying motion to compel portions of interview notes that were fact work product where defendant could depose the interviewees).

Defendants rely heavily on *S.E.C. v. Sentinel Management Group, Inc.*, No. 07-CV-4684, 2010 WL 4977220, (N.D. Ill Dec. 2, 2010) in arguing that the material should be disclosed.  That case, however, actually supports this Court's findings.  In *Sentinel Management Group*, the court granted the defendants' motion to compel information pertaining to certain witness interviews conducted by the SEC, but denied it as to others.  Four of the witnesses gave lengthy interviews to the SEC, but refused to answer defendants' questions at their depositions based on their Fifth Amendment privilege.  The court held that the defendants satisfied the applicable heightened standard as to those witnesses because they had no other means of accessing information from them.  As to the remaining witnesses who did not invoke the Fifth Amendment privilege, the court held that the heightened standard was not satisfied (nor was the more lenient substantial need standard) and that the defendants "should obtain the information from the witnesses directly rather than piggyback on the SEC's fact finding."  *Id*. at *9-12.

The witnesses in this case are more akin to the second category of witnesses in the *Sentinel Management Group* case. The witnesses have not invoked their Fifth Amendment privilege, nor have Defendants been denied access to the witnesses' information in any other way. Thus, applying the reasoning of *Sentinel*, the notes should remain protected.

Defendants also argue that the 2010 Interview Notes provide "critical impeachment material and key evidence in this case . . . " because they "provide detailed summaries of the witnesses' accounts of key events at a more contemporaneous time, when they plainly had a better recollection." DE 55 at 1-2. In support of this argument, Defendants point to *Johnson v. Bryco Arms*, No. 03-CV-2582, 2005 WL 469612, at *5 (E.D.N.Y. Mar. 1, 2005). There, the court concluded that the information at issue was not protected by the work product doctrine. *Id*. Applying the more lenient substantial need standard, the court noted in *dicta* that, assuming the information was protected, "[a] prior statement by a witness . . . will provide plaintiffs with a critical piece of impeachment material, particularly if . . . the witnesses' subsequent depositions have suggested inconsistencies or gaps in memory." *Id*. In the instant case, the witness depositions have not suggested any inconsistencies or gaps in memory with respect to relevant information. It bears repeating that the interviews themselves are not relevant -- only the factual information recounted in the interviews is relevant. Moreover, other courts have held that the the desire to use work product for impeachment purposes does not constitute "substantial need." *Hope Now Modifications*, 2011 WL 2634029, at *5; *In re Aftermarket Filters Antitrust Litig*., No. 08-CV-4883, 2010 WL 4622527, at *9 (N.D.

5

Ill. Nov. 4, 2010); *Brock v. Frank V. Panzarino, Inc.*, 109 F.R.D. 157, 159 (E.D.N.Y. 1986).

For the foregoing reasons, the Court finds that Defendants have not satisfied the heightened standard necessary to compel disclosure of the 2010 Interview Notes. Therefore, the the SEC is not required to produce those notes.[1]

**SO ORDERED.**

Dated: Central Islip, New York
      March 15, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

---

[1] In footnote one of their letter, Defendants raise the issue of whether the SEC waived work product protection for three of the interviews by failing to disclose the interviews in their privilege log. To the extent that this is a request for reconsideration of the Court's prior order holding that the work product privilege is applicable to the 2010 Interview Notes, the motion is denied as untimely.