UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
:
                Plaintiff, :
:
    -against- :
: 11 Civ. 0215 (WFK) (AKT)
WARREN D. NADEL, :
WARREN D. NADEL & CO., and : ECF Case
REGISTERED INVESTMENT ADVISERS, LLC :
:
                Defendants :
:
    -and- :
:
KATHERINE NADEL, :
:
                Relief Defendant. :
------------------------------------------------------------------x

## [~~PROPOSED~~] FINAL JUDGMENT AS TO
## WARREN D. NADEL & CO.

WHEREAS, on March 31, 2015, the Court issued a Decision and Order [DE 100], granting Plaintiff Securities and Exchange Commission ("Plaintiff or "Commission") partial summary judgment against defendant Warren D. Nadel & Co. ("Defendant"), holding it liable for violations of Section 10(b) of the Securities and Exchange Act of 1934 and Rules 10b-5 and 10b-10 thereunder, and Section 17(a) of the Securities Act of 1933 [DE 71]; and directing U.S. Magistrate Judge A. Kathleen Tomlinson to hold a hearing on relief consistent with its Decision and Order ("2015 Order"); and

WHEREAS, on February 11, 2016, after a hearing (held July 20-23, 2015), Judge Tomlinson issued a Report and Recommendation [DE 128] (the "Report"), recommending, inter alia, that the Court order against Defendant (1) permanent injunctive relief; (2) $10,776,687.62 in disgorgement, jointly and severally with Defendants Warren D. Nadel and Registered

Investment Advisers, LLC and (3) prejudgment interest, jointly and severally with Defendants Warren D. Nadel and Registered Investment Advisers, LLC (to be recalculated based upon the deduction of $183,026.68 from the disgorgement amount, for the reasons stated in the Report); and

WHEREAS on September 9, 2016, the Court issued a Decision and Order [DE 133] (the "2016 Order"), adopting the Report in its entirety and directing Plaintiff to submit a revised prejudgment interest calculation (as set forth in the Report); and

WHEREAS on September 15, 2016, Plaintiff filed with the Court its revised calculation of prejudgment interest (of $2,293,701.57) [DE 134], which the Court endorsed on September 23, 2016 [DE 135] ("Endorsement"); and

WHEREAS the 2015 Order, Report, 2016 Order and Endorsement are incorporated by reference into this judgment as if fully set forth herein,

**NOW THEREFORE**

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from any violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-10 [17 C.F.R. § 240.10b-10], thereunder by, by using the mails or any means or instrumentality of interstate commerce, knowingly or recklessly providing substantial assistance to any broker or dealer who effects for or with an account of a customer any transaction in, or induces the purchase or sale by such customer of, any security (other than U.S. Savings Bonds or municipal securities) without providing the information required under Rule 10b-10(a)(1) and (2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $10,776,687.62, jointly and severally with Defendants Warren D. Nadel and Registered Investment Advisers, LLC, representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,293,701.57, for a total of $13,070,389.19. Defendant shall satisfy this obligation by paying $13,070,389.19 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Warren D. Nadel & Co. as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment

to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are deemed true as to Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 1/20, 2017

s/WFK
UNITED STATES DISTRICT JUDGE